920 So.2d 185 (2006)
BAYFRONT MEDICAL CENTER, INC., Petitioner,
v.
Troy D. NEAVINS, Sr., Respondent.
No. 2D05-1824.
District Court of Appeal of Florida, Second District.
February 10, 2006.
*186 Thomas M. Hoeler and Kenneth A. Beytin of Burton Schulte, Weekley, Hoeler, McLaughlin & Beytin, P.A., Tampa, for Petitioner.
Dock A. Blanchard of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, James W. Clark of Clark & Martino, P.A., Tampa, and Bruce D. Austin of Austin, Ley, Roe & Patsko, P.A., St. Petersburg, for Respondent.
CANADY, Judge.
In this certiorari proceeding, Bayfront Medical Center, Inc., seeks review of a trial court order denying, in part, its motion for protective order in a medical malpractice action brought by Troy D. Neavins, Sr. In ruling on Bayfront's motion for protective order, the trial court determined that article X, section 25 of the Florida Constitution  the "Patients' Right-to-Know About Adverse Medical Incidents" amendment  is self-executing. The sole issue raised in Bayfront's certiorari petition is whether this constitutional provision is not self-executing but requires legislative implementation. Bayfront contends that the provision requires legislative implementation because it "raises too many significant policy questions and practical considerations" to meet the test set forth in Gray v. Bryant, 125 So.2d 846, 851 (Fla.1960), that a constitutional provision "should be construed to be self-executing" only if "the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment."
The trial court's order on the motion for protective order was entered in March 2005, and Bayfront's certiorari petition was filed in April 2005. On June 20, 2005, however, the "Patients' Right-to-Know About Adverse Medical Incidents Act"  now codified in section 381.028, Florida Statutes (2005)  became law. See ch.2005-265, § 2, at 2416, Laws of Fla. This legislation has the stated purpose of implementing article X, section 25 of the Florida Constitution. § 381.028(2).
In view of the adoption of legislation designed to implement article X, section 25, we ordered that Bayfront show cause why this proceeding should not be dismissed because the issue presented has *187 become moot. Bayfront has failed to show that the adoption of implementing legislation has not rendered moot its argument that the trial court erred in determining that the constitutional provision does not require implementing legislation. Although various issues may arise concerning the proper application of the implementing legislation and the relationship between that legislation and the constitutional provision, those issues are not presented for review in this proceeding. No purpose will be served by our deciding the sole issue presented for our review  that is, whether the constitutional provision is self-executing. Cf. Bd. of Pub. Instruction v. Budget Comm'n, 249 So.2d 6 (Fla.1971) (holding that challenge to validity of statute was rendered moot by repeal of statute).
We therefore dismiss the petition for writ of certiorari as moot.
Petition dismissed.
WHATLEY and SALCINES, JJ., Concur.